UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

NINO JUSTICE PASCAL,

                Petitioner,

v.                                                          ACTION NO. 2:21cv558

TAE D. JOHNSON,
Acting Director, United States Immigration
and Customs Enforcement, et al.,

                Respondents.

### UNITED STATES MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

This matter is before the Court on the *pro se* petition filed pursuant to 28 U.S.C. § 2241 by petitioner Nino Justice Pascal ("Pascal"), previously a federal prisoner seeking release from immigration detention or a bond hearing, and respondents' motion to dismiss the petition for lack of subject matter jurisdiction. ECF Nos. 1, 7. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. *See* ECF No. 4.

United States Immigration and Customs Enforcement ("ICE") released Pascal from custody and deported him since the filing of the petition. ECF No. 8-1, at 3. For the reasons discussed below, and pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby **RECOMMENDED** that respondents' motion to dismiss (ECF No. 7) be **GRANTED**, and the petition for a writ of

habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## I. STATEMENT OF THE CASE

Pascal is a native and citizen of Saint Lucia who was admitted to the United States as a lawful permanent resident on or about August 15, 1991. ECF No. 8-1, at 2. On November 6, 2009, Pascal was convicted in the Circuit Court of Fairfax County of robbery, maiming, abduction, and use of a firearm in the commission of a felony, and was sentenced to 23 years in prison. *Id.*

The Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), took Pascal into immigration custody on February 3, 2021. ECF No. 1, at 5; ECF No. 8-1, at 2. Pascal conceded his removability and requested a removal order, and an immigration judge ordered Pascal removed from the United States on March 9, 2021. ECF No. 1, at 5–6; ECF No. 8-1, at 2.

On October 5, 2021, Pascal filed a petition pursuant to 28 U.S.C. § 2241 in this Court seeking release from custody pending removal or a bond hearing. ECF No. 1, at 8. At the time he filed his *pro se* petition pursuant to 28 U.S.C. § 2241, Pascal, was in custody at the Caroline Detention Facility in Bowling Green, Virginia. ECF No. 1, at 1. On October 14, 2021, Pascal was removed from the United States to Saint Lucia. ECF No. 8-1, at 3.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court lacks jurisdiction over Pascal's petition because there is no longer a live case or controversy. *See* U.S. Const. art. III, § 2. "Article III of the Constitution grants this Court authority to adjudicate legal disputes only in the context of 'Cases' or 'Controversies.'" *Camreta v. Greene*, 563 U.S. 692, 701 (2011). For a case to be "fit for federal-court adjudication," the parties must demonstrate a "personal stake" in the proceedings by satisfying three conditions: "an

injury in fact," "caused by the conduct complained of," and "that will be redressed by a favorable decision." *Id.* (internal quotations and citations omitted).

This live case, or redressable dispute, must persist throughout all stages of the litigation in order for a federal court to maintain jurisdiction. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009) ("An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))). If at any point a litigant fails to meet any of the three criteria for standing, then there is no case or controversy, and the issue becomes moot. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013).

Pascal's petition is moot. Pascal challenges the legality of his detention pending removal, not the legality of his removal order. His only request for relief was that he be released or be given a bond hearing. Pascal has been deported, and is no longer in custody. There is, therefore, no injury caused by respondents that can be redressed by this Court, and the Article III case-or-controversy requirement cannot be satisfied. *See Atem v. Ashcroft*, 312 F. Supp. 2d 792, 796 (E.D. Va. 2004) ("Atem's petition for a writ of habeas corpus seeking release from []ICE custody is moot owing to the fact that he is no longer in []ICE custody."). This Court lacks jurisdiction to address the merits of Pascal's petition, which raises a moot issue.

## III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court **RECOMMENDS** that the petition, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## IV. <u>REVIEW PROCEDURE</u>

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections

3

to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/ Robert J. Krask
United States Magistrate Judge
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
May 5, 2022

## Clerk's Mailing Certificate

Service shall be made upon respondent in accordance with the Agreement on Acceptance of Service. A copy of this Order shall also be mailed this date to:

Nino Justice Pascal, A 042 303 265
Caroline Detention Facility
11093 SW Lewis Memorial Drive
Bowling Green, VA 22427

Fernando Galindo, Clerk

By /s/ J. L. Meyers
     Deputy Clerk

May  5 , 2022